**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ePLUS GROUP, INCORPORATED,
            *Plaintiff-Appellant,*

            v.

CARESOUTH HOME HEALTH SERVICES,
            *Defendant-Appellee,*

            and

EAB LEASING CORPORATION;
CENTRAL GEORGIA HEALTH SYSTEMS,
INCORPORATED,
            *Defendants.*

No. 02-1709

ePLUS GROUP, INCORPORATED,
            *Plaintiff-Appellee,*

            v.

CARESOUTH HOME HEALTH SERVICES,
            *Defendant-Appellant,*

            and

EAB LEASING CORPORATION;
CENTRAL GEORGIA HEALTH SYSTEMS,
INCORPORATED,
            *Defendants.*

No. 02-1746

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-01-286-A)

Argued: April 1, 2003

Decided: April 22, 2003

Before TRAXLER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Michael Edward Geltner, GELTNER & ASSOCIATES, P.C., Washington, D.C., for Appellant. Roy Harold Meeks, Jr., PURSLEY, LOWERY, MEEKS, L.L.P., Atlanta, Georgia, for Appellee. **ON BRIEF:** Erica S. Stoecker, EPLUS GROUP, INC., Herndon, Virginia, for Appellant. Eric N. Van De Water, PURSLEY, LOWERY, MEEKS, L.L.P., Atlanta, Georgia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

ePlus Group, Inc. (ePlus), a Virginia corporation, is an equipment lessor. In January 1997, ePlus and CareSouth Home Health Services, Inc. (CareSouth), a Georgia corporation, signed a "Master Lease." In 1997 and 1998, pursuant to the Master Lease, ePlus and CareSouth entered into eight schedules (Nos. 1, 3, 4, 100, 101, 102, 103, and 104), whereby ePlus leased various types of office/computer equipment to CareSouth.

In general, the Master Lease and schedules gave CareSouth three choices at the end of any lease: (1) it could give advanced written notice to terminate, in which case it had to return all leased assets by the last day of the lease term to a place designated by ePlus or else

be a three month holdover tenant; (2) it could allow the lease term to extend by three months by not giving notice; or (3) it could buy the equipment at fair market value (except for Schedule 3, which provided no purchase option) provided it was not in default and gave timely written notice. With regard to Schedules 1, 3, and 4, the parties dispute whether CareSouth is liable for holdover rent. With regard to Schedules 4 and 100-104, the parties dispute whether CareSouth erroneously paid holdover rent.[1]

On February 22, 2001, ePlus filed a complaint in the United States District Court for the Eastern District of Virginia against CareSouth and Central Georgia Health Systems, Inc. (Central), which wholly owns CareSouth, alleging breach of contract against CareSouth and Central and further alleging estoppel against Central. In its complaint, ePlus sued EAB Leasing Corporation (EAB), an assignee of ePlus, contending EAB was liable if its claims against CareSouth and Central were unsuccessful.

On June 7, 2001, Central filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim. On June 22, 2001, the district court dismissed ePlus's complaint as to Central without prejudice.

On September 14, 2001, CareSouth filed a counterclaim against ePlus and a cross-claim against EAB. The cross-claim sought indemnification from EAB for any amount for which CareSouth was held liable to ePlus.

ePlus amended its complaint on September 28, 2001. The amended complaint contained the following causes of action: (1) breach of contract against CareSouth; (2) declaratory judgment against CareSouth; (3) interference with contractual relations against EAB; (4) inducing breach of contract against EAB; and (5) conversion against CareSouth.

---

[1]With regard to Schedule 4, CareSouth paid one month of holdover rent, which it claims it is entitled to recover. ePlus claims CareSouth is liable for two additional months of holdover rent.

On November 15, 2001, CareSouth filed an amended counterclaim against ePlus and restated its cross-claim against EAB. Essentially, the amended counterclaim contained four claims: (1) breach of contract; (2) setoff and recoupment; (3) specific performance; and (4) injunctive relief. The restated cross-claim sought indemnification from EAB for any amount for which CareSouth was held liable to ePlus.

After completing discovery, the parties cross-moved for summary judgment. The district court denied all motions on January 4, 2002, except, by agreement of the parties, the district court enjoined ePlus from repossessing the leased assets in CareSouth's possession.[2]

The district court held a bench trial on January 10, 2002. The claims before the district court can be easily summarized: (1) ePlus's breach of contract claim against CareSouth for holdover rent on Schedules 1, 3, and 4; and (2) CareSouth's breach of contract counterclaim for the holdover rent it had paid on Schedules 4 and 100-104.

The case was heard, by agreement of the parties, on a detailed stipulation of facts supplemented by the depositions taken during discovery, the documents associated with the Master Lease and relevant schedules, and the affidavits submitted by CareSouth. The district court, in a fifty-three page opinion, held that CareSouth was not liable for the holdover rent payments it made with regard to Schedules 4 and 100-104 and further held that ePlus was entitled to holdover rent on Schedule 3, but not on Schedules 1 and 4. Accordingly, the district court entered judgment in favor of CareSouth on its breach of contract counterclaim in the amount of $130,644 (the amount CareSouth erroneously paid in holdover rent ($20,723.96 on Schedule 4; $83,045.76 on Schedule 100; $26,975.69 on Schedule 101; $2,219.40 on Schedule 102; $1,146.58 on Schedule 103; and $2,601.61 on Schedule 4) less the fair market value of the assets ($6,069)) and in favor of ePlus on its breach of contract claim under Schedule 3 in the amount of $1,435.36 per quarter plus prejudgment interest. The district court also ordered that CareSouth receive title to all of the leased assets in CareSouth's possession except the Schedule 3 assets. Finally, the dis-

---

[2]The district court held in favor of EAB on all claims. EAB is not a party to this appeal.

trict court ordered CareSouth to pay EAB and ePlus any unpaid late fees which accrued during the initial lease terms of the various schedules plus interest. ePlus appeals and CareSouth cross-appeals.

We have carefully reviewed the briefs, the record, and the arguments of counsel and find no reversible error. Accordingly, we affirm the district court's judgment.

*AFFIRMED*